# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| JAKE PETERS, | * | |
| | * | No. 16-638V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: February 25, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; influenza ("flu") vaccine; |
| AND HUMAN SERVICES, | * | human papillomavirus ("HPV") |
| | * | vaccine; transverse myelitis ("TM"); |
| | * | neuromyelitis optica ("NMO"). |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Robert P. Coleman, III, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On February 25, 2020, the parties filed a joint stipulation concerning the petition for compensation filed by Jake Peters on May 27, 2016. Petitioner alleged that the influenza ("flu") and human papillomavirus ("HPV") vaccines he received on November 24, 2014, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer transverse myelitis ("TM") and/or neuromyelitis optica ("NMO"). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injury or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $3,051,275.06, which amount represents compensation for first-year life care expenses ($642,275.06) and trust seed funds ($2,409,000.00), in the form of a check payable to City National Bank, a National Banking Association, as trustee of the grantor reversionary trust established for the benefit of petitioner;**

b. **A lump sum of $1,075,000.00, which amount represents compensation for lost earnings ($750,000.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($75,000.00), in the form of a check payable to petitioner;**

c. **A lump sum of $701,305.48, which amount represents reimbursement of a State of California Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and:**

   **Department of Health Care Services**
   **Recovery Branch – MS 4720**
   **P.O. Box 997421**
   **Sacramento, CA 95899-7421**
   **DHCS Account No.: C92418798F-VAC03**

   **Petitioner agrees to endorse this check to the State of California Department of Health Care Services; and**

d. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation attached hereto, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

**This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-638V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.