# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JAKE PETERS,
                      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                      Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 16-638V

Special Master Christian J. Moran

Filed: August 20, 2021

Attorneys' Fees and Costs

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners;
<u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is Jake Peters' ("petitioner") motion for final attorneys' fees and costs. He is awarded **$211,951.55**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On May 27, 2016, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the influenza and human papillomavirus vaccines he received on November 24, 2014, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer transverse myelitis and/or neuromyelitis optica. Petitioner further alleged that he suffered the residual effects of this injury for more than six months. After a prolonged settlement negotiation process, which involved a complex life care plan and multiple expert reports on causation submitted by petitioner, on February 25, 2020, the parties filed a stipulation. On the same day, the undersigned adopted the stipulation as his decision awarding compensation. 2020 WL 1487789 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).

On August 18, 2020, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $140,816.10 and attorneys' costs of $73,125.05 for a total request of $213,941.15. Fees App. at 23-24. Pursuant to General Order No. 9, petitioner warrant that has not personally incurred any costs related to the prosecution of his case. Id. On August 19, 2020, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because

2

the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel: for Mr. Jeffrey Pop, $420.00 per hour for work performed in 2016-2018, and $453.00 per hour for work performed in 2019, and $470.00 per hour for work performed in 2020; and for Ms. Kristina Grigorian, $250.00 per hour for work performed in 2016-2018, $292.00 per hour for work performed in 2019, and $325.00 per hour for work performed in 2020. Fees App. Ex. 2 at 2. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned and other special masters have previously awarded to petitioners' counsel for their Vaccine Program work. See, e.g, Boeske v. Sec'y of Health & Human Servs., No. 16-1685V, 2019 WL 2865253 (Fed. Cl. Spec. Mstr. May 24, 2019); Meade v. Sec'y of Health & Human Servs., No. 17-1633V, 2019 WL 4256281 (Fed. Cl. Spec. Mstr. Aug. 14, 2019). Accordingly, the requested hourly rates are reasonable.

### B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the time billed on this matter to be reasonable. The billing entries accurately describe the task performed and how much time it took to perform that task, and their descriptions are detailed enough to permit the undersigned to ascertain their reasonableness. Upon review, the undersigned did not find any time to be improperly billed, and therefore petitioner is awarded the full amount of attorneys' fees requested.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $73,125.05 in attorneys' costs. The majority of this amount is for work done by petitioner's various experts: Dr. Lawrence Steinman, a neuroimmunologist who prepared two expert reports, Dr. Annette Langer-Gould, petitioner's treating neurologist who submitted an opinion letter regarding causation, Ms. Karen Smith, petitioner's economist who prepared a detailed report calculating present value of loss of earnings as well as periodic payments for the life care plans, and Ms. Brook Feerick, petitioner's life care planner. The remainder of the costs are for acquiring medical records and postage. The costs associated with medical records and postage all appear reasonable in the undersigned's experience and shall be fully reimbursed. The undersigned will discuss the expert costs in greater detail.

Dr. Steinman's credentials and work in the Vaccine Program are well-known and his hourly rate of $500.00 has been approved on numerous occasions. Additionally, the hours he has billed in this matter are reasonable given the voluminous amount of medical records and literature his reports necessitated. Accordingly, the costs associated with Dr. Steinman are reasonable.

Petitioner next requests $8,000.00 for the work of Dr. Anette Langer-Gould. Dr. Langer-Gould is a board-certified neurologist specializing in neuroimmunology. Dr. Langer-Gould is the regional lead for clinical & translational neuroscience for the Southern California Permanente Medical Group, and also has a Ph.D. in epidemiology. As petitioner's treating neurologist, Dr. Langer-Gould's opinion letter on causation was very helpful to petitioner's case. Her credentials also support the requested hourly rate of $500.00 per hour. Accordingly, the costs attributable to Dr. Langer-Gould's work are reasonable.

Next, petitioner requests $15,520.00 for work performed by his economist, Ms. Karen Smith. Ms. Smith has an MBA and is an economic consultant at

AdamsSmith Economics and has over thirty years of experience as an economic consultant for both plaintiffs and defendant, offering research and testimony in cases of real estate, business litigation, personal injury, wrongful termination, and wrongful death. Fees App. Ex. 7 at 2. Ms. Smith billed her time in this case at $400.00 per hour. This hourly rate has previously been awarded to Ms. Smith by another special master, albeit without comment on its reasonableness. Sipes v. Sec'y of Health & Human Servs., No. 17-1181V, 2020 WL 2957853 (Fed. Cl. Spec. Mstr. May 4, 2020). Ms. Smith's hourly rate is reasonable in this case – it is higher than some economic experts whose work has been reviewed by the undersigned, but within the range of rates that has previously been found reasonable in this Court. See Lewis v. Sec'y of Health & Human Servs., No. 14-1035V, 2018 WL 6650362 (Fed. Cl. Spec. Mstr. Nov. 19, 2019) (finding reasonable the rate of an economist who billed at $300.00 per hour); but see Torday v. Sec'y of Health & Human Servs., No. 17-372V, 2011 WL 2680717, at *4 (Fed. Cl. Spec. Mstr. May 4, 2011) (noting a range of economist rates and awarding rates of $400.00 per hour and $450.00 per hour); J.T. v. Sec'y of Health & Human Servs., No., 2018 WL 4623163, at *8 (Fed. Cl. Spec. Mstr. Apr. 20, 2018) (finding $525.00 per hour to be reasonable for petitioner's economist). Accordingly, the full amount of costs for Ms. Smith's work shall be awarded.

Finally, petitioner requests a total of $14,922.00 billed at $225.00 per hour by petitioner's life care planner, Ms. Brook Feerick. Although the hours billed by Ms. Feerick are reasonable, the rate requested exceeds what Ms. Feerick has previously billed at and been awarded for her Vaccine Program work. See Marsh v. Sec'y of Health & Human Servs., No. 16-1532V, 2018 WL 7017752, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2018) (awarding Ms. Feerick $195.00 per hour); Contreras-Rodriguez v. Sec'y of Health & Human Servs., No. 05-626V, 2018 WL 3989507, at *4 (Fed. Cl. Spec. Mstr. Jul. 2, 2018). While Ms. Feerick's hourly rate need not remain static forever, the billing records indicate that much of the work was performed in years in which she was billing at $195.00 per hour in other Vaccine Program cases. Additionally, petitioner has offered no justification for an increased hourly rate in this case. Accordingly, the undersigned shall reduce the costs by $1,989.60 to account for the rate of $195.00 per hour being applied to 66.32 hours of work.

E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$211,951.55** (representing $140,816.10 in attorneys' fees and $71,135.45 in attorneys' costs) as a lump sum

in the form of a check jointly payable to petitioner and his counsel, Mr. Jeffrey Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.